IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MOSE RAY LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-cv-22-DES |
| | ) |
| MARTIN O'MALLEY,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Mose Ray Lewis ("Claimant") seeks judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner") denying his claim for supplemental security income benefits under Title XVI of the Social Security Act (the "Act"). For the reasons explained below, the Court REVERSES and REMANDS the Commissioner's decision denying benefits.

**I.     Statutory Framework and Standard of Review**

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be deemed disabled under the Act, a claimant's impairment(s) must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

---

[1] Effective December 20, 2023, Martin O'Malley, Commissioner of Social Security, is substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d). No further action is necessary to continue this suit by reason of 42 U.S.C. § 405(g).

Social security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 416.920(a)(4). This process requires the Commissioner to consider: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a medically determinable severe impairment(s); (3) whether such impairment meets or medically equals a listed impairment set forth in 20 C.F.R. pt. 404, subpt. P., app. 1; (4) whether the claimant can perform her past relevant work considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"); and (5) whether the claimant can perform other work considering the RFC and certain vocational factors. 20 C.F.R. § 416.920(a)(4)(i)-(v). The claimant bears the burden of proof through step four, but the burden shifts to the Commissioner at step five. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007). If it is determined, at any step of the process, that the claimant is or is not disabled, evaluation under a subsequent step is not necessary. *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988).

A district court's review of the Commissioner's final decision is governed by 42 U.S.C. § 405(g). The scope of judicial review under § 405(g) is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's factual findings are supported by substantial evidence. *See Noreja v. Soc. Sec. Comm'r,* 952 F.3d 1172, 1177 (10th Cir. 2020). Substantial evidence is more than a scintilla but means only "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938). In conducting its review, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Noreja,* 952 F.3d at 1178 (quotation omitted). Rather, the Court must "meticulously examine the record as a whole, including anything that

may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (quotation omitted).

## II.   Claimant's Background and Procedural History

In October 2020, Claimant applied for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Act.[2] (R. 217-24). Claimant alleges he has been unable to work since an amended onset date of October 23, 2020, due to blindness/low vision, diabetes, neuropathy, and low back problems. (R. 42-43, 247). Claimant was 48 years old on the date of the ALJ's decision. (R. 32, 217, 219). He has a high school education and past work as a cement mason. (R. 45, 63).

Claimant's claim for benefits was denied initially and on reconsideration, and he requested a hearing. (R. 71-83, 98-115, 150-51). ALJ Kimani R. Eason conducted an administrative hearing and issued a decision on July 15, 2022, finding Claimant not disabled. (R. 16-32, 38-69). The Appeals Council denied review on November 14, 2022 (R. 1-6), rendering the Commissioner's decision final. 20 C.F.R. § 416.1481. Claimant filed this appeal on January 13, 2023. (Docket No. 2).

## III.   The ALJ's Decision

In his decision, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since the amended alleged onset date of October 23, 2020. (R. 19). At step two, the ALJ found Claimant had the severe impairments of disorder of the spine, diabetes mellitus with retinopathy and neuropathy, and hypertension, but that his gastroesophageal reflux disease, hyperlipidemia, and anxiety were non-severe. (R. 19-24). At step three, the ALJ found Claimant's impairments did not meet or equal a listed impairment. (R. 24-26).

---

[2] At the administrative hearing, Claimant amended his alleged onset date to his date of filing and dismissed his application for disability insurance benefits under Title II of the Act. (R. 42-43).

Before proceeding to step four, the ALJ determined Claimant had the RFC to perform a range of light work as defined in 20 C.F.R. § 416.967(b) with the following non-exertional limitations:

> The claimant can occasionally climb, balance, stoop, kneel, crouch and crawl. He can never work at unprotected heights or around moving mechanical parts. The claimant can never operate heavy equipment. He must avoid all exposure to open flames and open bodies of water.

(R. 27). The ALJ provided a summary of the evidence that went into this finding. (R. 27-30).

At step four, the ALJ concluded that Claimant could not return to his past relevant work. (R. 30). Based on the testimony of a vocational expert ("VE"), however, the ALJ found at step five that Claimant could perform other work existing in significant numbers in the national economy, including cafeteria attendant, fast food worker, cleaner/housekeeper, document preparer, office helper, and addresser. (R. 31). Accordingly, the ALJ concluded Claimant was not disabled. (R. 32).

## IV.   Issues Presented

Claimant contends the ALJ's RFC is not supported by substantial evidence, because the ALJ failed to consider and account for his depression and because the ALJ failed to account for his need to use an assistive device. (Docket No. 13 at 3-9). The Court agrees the ALJ failed to properly consider Claimant's mental impairments.

## V.   Analysis

### A.   Any Failure to Consider the Severity of all of Claimant's Impairments was Harmless Error at Step Two

Claimant contends the ALJ failed to consider his depression, as diagnosed by the state agency psychologist, at step two of the sequential evaluation. (Docket No. 13 at 4).

The ALJ considers the "medical severity" of a claimant's impairments at step two of the sequential evaluation. 20 C.F.R. § 416.920(a)(4)(ii). An impairment is "severe" if it significantly limits a claimant's ability to perform work activities. 20 C.F.R. § 416.920(c). A claimant who does not have a severe medically determinable impairment, or a combination of impairments that is severe, is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). Claimant's burden at step two is a *de minimis* showing of impairment, but the Claimant must demonstrate "more than the mere presence of a condition or ailment." *Hinkle v. Apfel,* 132 F.3d 1349, 1352 (10th Cir. 1997).

In his written decision at step two, the ALJ identified several non-severe impairments including gastroesophageal reflux disease, hyperlipidemia, and anxiety. (R. 23). Although the ALJ did not mention or make any findings regarding the severity of Claimant's depression at step two, Claimant has not demonstrated a reversible error at this step. Since the ALJ found Claimant had at least one severe impairment and proceeded to the subsequent steps of his analysis, any failure in identifying additional medically determinable impairments at step two does not constitute reversible error. *See Allman v. Colvin,* 813 F.3d 1326, 1330 (10th Cir. 2016) ("[T]he failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe."); *Carpenter v. Astrue,* 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]ny error here became harmless when the ALJ reached the proper conclusion that [the Claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence.").

    **B.**    **ALJ Failed to Account for Claimant's Non-severe Mental Impairments in Assessing the RFC**

The rationale for applying harmless error at step two is that the ALJ is required to consider the functional impact of all a claimant's medically determinable impairments, including

5

non-severe impairments, when assessing the RFC later in the sequential analysis. In other words, if the RFC subsequently accounts for the functional limitations resulting from the previously omitted impairment, then the step two omission would not affect the outcome of the ALJ's decision because the RFC would not change. *See Grotendorst v. Astrue,* 370 F. App'x 879, 883 (10th Cir. 2010) (explaining that a step two error is "usually harmless" if the ALJ "finds another impairment is severe and proceeds to the remaining steps of the evaluation . . . because *all* medically determinable impairments, severe or not, must be taken into account at those later steps"). Therefore, Claimant further contends the ALJ's failure to consider his depression at step two impaired his analysis at subsequent steps of the sequential evaluation. Specifically, Claimant argues the ALJ failed to consider all his impairments in combination when assessing the RFC and, in turn, failed to present a hypothetical question to the VE that included all his limitations.

A claimant's RFC is his "*maximum* remaining ability to do sustained work activities in an ordinary work setting" for 8 hours a day, 5 days per week despite his impairments. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 (July 2, 1996). In assessing the RFC, "the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, *whether severe or not severe.*" *Wells v. Colvin,* 727 F.3d 1061, 1065 (10th Cir. 2013); *see also* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of [a claimant's] medically determinable impairments of which we are aware, including . . . impairments that are 'not severe' . . . when we assess [a claimant's] residual functional capacity."). Additionally, the ALJ must "include a narrative discussion describing how the evidence supports each conclusion" as to the claimant's wok-related limitations. SSR 96-8p at *7. The ALJ must explain the basis for

the limitations included in the RFC assessment with citations to "specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.*

As set forth above, although the ALJ included anxiety among Claimant's non-severe impairments identified at step two, he did not include depression, which state agency psychologist Mary Rollison, Ph.D., identified as a medically determinable non-severe impairment.[3] (R. 23-24, 105). The ALJ's only reference to Claimant's mental impairments beyond step two occurred when he noted Claimant's testimony that he experiences anxiety and nervousness. (R. 28). Thus, the ALJ entirely ignored Claimant's depression throughout his decision. Moreover, despite finding Claimant's anxiety was a medically determinable non-severe impairment at step two, the ALJ did not mention or consider the effects of this mental impairment whatsoever in his RFC analysis. Rather, the ALJ's RFC discussion focused exclusively on the impact of Claimant's physical impairments on his ability to work. Thus, the Court agrees the ALJ inadequately considered Claimant's non-severe mental impairment(s) in the RFC assessment. A clear and specific analysis of what, if any, impact Claimant's non-severe mental impairment(s) had on the RFC was particularly important in this case, because there is no consultative mental status examination in the record.

Moreover, the omission of a discussion regarding Claimant's non-severe mental impairment(s) demonstrates that the ALJ failed to provide a narrative discussion explaining the evidentiary basis and rationale for the RFC assessment as required by SSR 96-8p. For instance, the ALJ did not explain, what, if any work-related limitations resulted from Claimant's non-

---

[3] The Commissioner appears to assert the ALJ's RFC determination was supported by substantial evidence, because the record does not contain any evidence of treatment for depression. While this may be true, this assertion constitutes a post-hoc rationale that is not clear from the ALJ's decision. *See Haga v. Astrue*, 482 F. 3d 1205, 1207-08 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."). In any event, the ALJ also entirely failed to analyze Claimant's non-severe anxiety.

severe depression and/or anxiety. Additionally, the ALJ omitted skill level, task, instruction, and social limitations from the RFC determination without explaining why Claimant's non-severe mental impairment(s) did not impose any limitations. Absent a discussion of how Claimant's non-severe mental impairment(s) were accounted for in the RFC assessment, or an explanation why such impairment(s) did not impose any functional limitations, the Court is unable to "credit [the ALJ's] conclusion with substantial evidence." *Wells,* 727 F.3d at 1071.

## VI.  Conclusion

For the foregoing reasons, the Commissioner's decision finding Claimant not disabled is REVERSED and REMANDED for proceedings consistent with this Opinion and Order.

SO ORDERED this 12th day of March, 2024.

						_____
						D. EDWARD SNOW
						UNITED STATES MAGISTRATE JUDGE